

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EPICREALM LICENSING, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. **2 - 0 5 C V - 3 5 6** |
| | § | |
| 1   FRANKLIN COVEY CO., | § | JURY TRIAL DEMANDED |
| 2.  CLARK CONSULTING, INC., | § | |
| 3.  THE MACERICH COMPANY, | § | |
| 4.  SAFELITE GROUP, INC., | § | |
| 5.  HERBALIFE INTERNATIONAL | § | |
| OF AMERICA, INC., AND | § | |
| 6   PINK SHEETS, LLC, | § | |
| | § | |
| DEFENDANTS. | § | |

### PLAINTIFF EPICREALM LICENSING, LLC'S ORIGINAL COMPLAINT

Plaintiff, epicRealm Licensing, LLC, brings this action for patent infringement and alleges the following:

### I. PARTIES

1      Plaintiff epicRealm Licensing, LLC ("epicRealm") is a Texas limited liability company with its principal place of business at 100 Crescent Court, Suite 700, Dallas, Texas 75201

2.     On information and belief, defendant Franklin Covey Co. ("Franklin Covey") is a Utah corporation, with its principal place of business at 2200 West Parkway Boulevard, Salt Lake City, Utah 84119, Attention: Tami Donavon, Director of Legal Services.   Although Franklin Covey has done — and continues to do — business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas.   Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and

Remedies Code, Franklin Covey may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701

3       On information and belief, defendant Clark Consulting, Inc., ("Clark") is a Delaware corporation, with its principal place of business at 102 S. Wynstone Park Dr #100, North Barrington, Illinois, 60010, and is doing business in the Eastern District and elsewhere in the State of Texas. Clark may be served with process by service upon its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201

4.      On information and belief, defendant The Macerich Company ("Macerich") is a California corporation, with its principal place of business at 401 Wilshire Blvd., Suite 700, Santa Monica, California 90401, Attention: Arthur M. Coppola, President and CEO. Although Macerich has done — and continues to do — business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas. Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, Macerich may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701

5.      On information and belief, defendant Safelite Group, Inc., ("Safelite") is a Delaware corporation, with its principal place of business at 2400 Farmers Drive, Columbus, Ohio 43235, Attention: Dan Wilson, President and CEO. Although Safelite has done — and continues to do — business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas. Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, Safelite may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

2

6.     On information and belief, defendant Herbalife International of America, Inc., ("Herbalife") is a California corporation, with its principal place of business at 9800 South La Cienega Blvd., Inglewood, California 90301, and is doing business in the Eastern District and elsewhere in the State of Texas. Herbalife may be served with process by service upon its registered agent, United States Corp. Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

7.     On information and belief, defendant Pink Sheets, LLC, ("Pink Sheets") is an New York limited liability company, with its principal place of business at 304 Hudson St. 2nd Floor, New York, New York 10013, Attention: R. Cromwell Coulson, Chairman and CEO Although Pink Sheets has done — and continues to do — business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas. Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, Pink Sheets may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

## II.  JURISDICTION AND VENUE

8.     This infringement action arises under the patent laws of the United States, title 35, United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a).

9.     All of the defendants have done — and continue to do — business in the Eastern District of Texas. All defendants have minimum contacts with the Eastern District of Texas such that this venue is a fair and reasonable one. The defendants have committed purposeful acts or transactions in the State of Texas such that they reasonably knew and expected that they could be haled into a Texas court as a consequence of such activity. Accordingly, venue in the Eastern District of Texas is proper under 28 U.S.C. §§ 1391(b), 1400(b).

### III. PATENT INFRINGEMENT

10. On April 13, 1999, and July 2, 2002, United States Patent Nos. 5,894,554 and 6,415,335 B1, which are collectively referred to as the "epicRealm Patents," duly and legally issued. These two patents concern, among other things, systems and methods for managing dynamic Web page generation requests. Copies of the epicRealm Patents are attached hereto as Exhibits "A" and "B" and made a part hereof.

11. EpicRealm is the owner of the epicRealm Patents and has the right to enforce those patents with respect to the defendants.

12. On information and belief, defendants use systems and methods for managing dynamic Web page generation requests within the scope of one or more of the claims of the epicRealm Patents. As a result, all of the defendants have been and still are infringing one or more of the claims of the epicRealm Patents as defined by 35 U.S.C. § 271. EpicRealm has suffered damage by reason of defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

13. To the extent that defendants have continued or do continue their infringing activities after receiving notice of the epicRealm Patents, such infringement is willful, entitling epicRealm to the recovery of increased damages under 35 U.S.C. § 284.

14. This is an "exceptional case" justifying an award of attorneys' fees and costs to epicRealm pursuant to 35 U.S.C. § 285.

15. EpicRealm believes that defendants will continue to infringe the epicRealm Patents unless enjoined by this Court. Such infringing activity causes epicRealm irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV.  JURY DEMAND

16.     Plaintiff requests trial by jury pursuant to Federal Rule of Civil Procedure 38.

## V.  PRAYER FOR RELIEF

17.     EpicRealm requests that the Court find in its favor and against defendants and that

the Court grant the following relief:

a.      Judgment that one or more of the claims of the epicRealm Patents have been infringed, either literally and/or under the doctrine of equivalents, by defendants;

b.      Judgment in favor of epicRealm for the full amount of its actual damages caused by defendants' infringing activities, including an assessment of interest and costs;

c.      Judgment for increased damages for willful infringement pursuant to 35 U.S.C. § 284;

d.      Judgment that this is an "exceptional case" and awarding epicRealm its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

e.      That defendants be permanently enjoined from further activity or conduct that infringes the claims of the epicRealm Patents; and

f.      That the Court award epicRealm such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

_____

Larry D. Carlson, Attorney-in-Charge
    Texas State Bar No  03814500
        E-Mail:  larry.carlson@bakerbotts.com
Kevin Meek
    Texas State Bar No. 13899600
        E-Mail:  kevin.meek@bakerbotts.com
Thomas Frame
    Texas State Bar No. 24027318
        E-Mail:  thomas.frame@bakerbotts.com
Jeff Moles
    Texas State Bar No  24041504
        E-Mail:  jeff.moles@bakerbotts.com
BAKER BOTTS L L P.
2001 Ross Avenue
Dallas, Texas  75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503

Otis W. Carroll
    Texas State Bar No. 03895700
        E-mail:  otiscarroll@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas  75711
Telephone:  (903) 561-1600
Facsimile:  (903) 581-1071

S. Calvin Capshaw
    Texas State Bar No. 03783900
        E-Mail:  ccapshaw@mailbmc.com
BROWN McCARROLL LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

Franklin Jones, Jr.
   Texas State Bar No. 00000055
   E-Mail:  maizieh@millerfirm.com
JONES & JONES, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas  75671-1249
Telephone:  (903) 938-4395
Facsimile:  (903) 938-3360

ATTORNEYS FOR PLAINTIFF
EPICREALM LICENSING, L.L.C