IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| EPICREALM LICENSING, LP, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:07-CV-126 |
| | § | |
| FRANKLIN COVEY CO., et al., | § | |
| | § | |
| Defendants. | § | |

## O R D E R

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. Dkt. No. 75. The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Dkt. No. 563. Plaintiffs epicRealm Licensing, LP and Parallel Network, LLC filed objections to the Report and Recommendation of the Magistrate Judge. Dkt. No. 603. The Court conducted a *de novo* review.

## BACKGROUND

[E]picRealm Licensing, LP and Parallel Networks, LLC (collectively "Plaintiffs" or "epicRealm") have sued Herbalife International of America, Inc. ("Defendant" or "Herbalife") and other unrelated companies (collectively "Defendants"), alleging Defendants are infringing United States Patent Nos. 5,894,554 ("the '554 patent") and 6,415,335 ("the '335 patent") (collectively "the Patents"). The Patents allegedly encompass certain systems and methods to dynamically generate web pages. Plaintiffs' Patents purport to cover a process in which a web server interacts with a page

server and other data sources to generate dynamic web pages that are subsequently transmitted over the Internet.

Herbalife moves for partial summary judgement of noninfringement, asserting that the accused websites were not operated by Herbalife from September 2003 to April 2007. Dkt. No. 437. Herbalife contends that those websites were operated by an independent hosting company, QuinStreet, Inc. ("QuinStreet"). *Id.*

## REPORT AND RECOMMENDATION

In her Report and Recommendation dated July 15, 2008, the Magistrate Judge recommended that Herbalife's Motion for Partial Summary Judgment of Noninfringement be granted. Dkt. No. 563. Specifically, the Magistrate Judge found no genuine issues of material fact regarding whether Herbalife was a "user" under the Federal Circuit's opinion in *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005), or this Court's opinion in *epicRealm Licensing, LLC v. Autoflex Leasing, Inc., et al.*, 492 F. Supp. 2d 608 (E.D. Tex. 2007). *Id.* at 18-23. Therefore, the Magistrate Judge concluded that Herbalife could not be liable for direct infringement as a matter of law for the time period in question. *Id.*

The Magistrate Judge also found that Plaintiffs had failed to provide evidence that raised a genuine issue of material fact as to whether Herbalife controlled some part of the accused system. *Id.* at 23-24. Accordingly, the Magistrate Judge concluded that Herbalife could not be liable under a theory of joint infringement. *Id.* Finally, the Magistrate Judge found no genuine issue of material fact regarding whether Herbalife was liable under a theory of indirect or induced infringement because, under *epicRealm*, Herbalife's distributors or website visitors were not "using" the accused system. *Id.* at 26-29.

## PLAINTIFFS' OBJECTIONS

Plaintiffs filed objections to the Magistrate Judge's recommendation that Herbalife's Motion for Partial Summary Judgment of Noninfringement be granted. Dkt. No. 603. Specifically, Plaintiffs raise the following three primary objections to the Magistrate Judge's Report and Recommendation. First, Plaintiffs assert that the Magistrate Judge's direct infringement analysis improperly relied on this Court's decision in *epicRealm*, a decision that "diverged" from the teachings of *NTP* and its progeny. To support this assertion, Plaintiffs point to three cases that interpret the Federal Circuit's holding in *NTP*: *Civix-DDI, LLC v. Cellco Partnership*, 387 F. Supp. 2d 869 (N.D. Ill. 2005), *Realsource, Inc. v. Best Buy Co.*, 514 F. Supp. 2d 951 (W.D. Tex. 2007), and *Renhcol Inc. v. Don Best Sports*, 584 F. Supp. 2d 356 (E.D. Tex. 2008). *Id.* at 5-8. In the alternative, the Plaintiffs would have this Court disregard its former holding in *epicRealm*, if this Court determines that it had previously erred in that case. *Id.* at 8 n.5.

Second, Plaintiffs contend the Magistrate Judge incorrectly found no fact issue with respect to Herbalife's inducement of its distributors to use the accused system. *Id.* at 10-11. According to Plaintiffs, their summary judgment evidence demonstrated that Herbalife actively encouraged its distributors to use the Herbalife website after it had learned that QuinStreet was using an infringing system. *Id.*

Third, Plaintiffs assert that the Magistrate Judge erred in finding no genuine issue of material fact regarding joint infringement because the evidence suggested that Herbalife had a contractual relationship with and provided instructions to QuinStreet that facilitated infringement. *Id.* at 11-14.

## *DE NOVO* REVIEW

At the outset, the Court finds that its prior decision in *epicRealm* was correctly decided and was not clearly erroneous or contrary to law. Indeed, one case that Plaintiffs cite to support their objections examined *epicRealm* at length and did not consider it contrary to Circuit precedent. Instead, that case relied heavily on this Court's opinion in *epicRealm* and found that it, in conjunction with *NTP*, "requires courts to determine which party exercises control and derived beneficial use of the allegedly infringing aspects of the accused system." *Rehncol*, 548 F. Supp. 2d at 363. The court in *Rehncol*, however, found its facts to be distinguishable from the facts set out in *epicRealm*. *Id.* Conversely, the Plaintiffs here have provided no compelling reason why their current case against Herbalife should be distinguished from the facts surrounding the *epicRealm* decision. Therefore, this Court applies the rule it set out in *epicRealm* to the present matter.

This Court finds no factual distinction between the Herbalife and Macerich, the Defendant in *epicRealm*. Herbalife is not a "user" of the accused software, which is operated by third-party QuinStreet. Additionally, Herbalife's users and distributors are not "using" the accused software. Finally, because it is not a "user" of the accused system, Herbalife cannot be said to control the conduct the accused system. In addition, there is insufficient evidence to suggest that Herbalife controlled the conduct of QuinStreet. As such, Herbalife cannot be liable for either direct, indirect, or joint infringement during the time period in question.

Plaintiff's objections are thus without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby **ORDERED** that Herbalife's Motion For Summary Judgment of Noninfringement (Dkt.

No. 437) is **GRANTED.**

**SIGNED this 13th day of November, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE